IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARLAINA EASTON,

    Plaintiff,

    v.

COLLEGE OF LAKE COUNTY,
Dr. Jean Kartje and Board of Trustees
of the College of Lake County,

    Defendants.

Case No. 07 CV 6127
Judge John W. Darrah
Courtroom 1203
Magistrate Geraldine Soat Brown
Courtroom 1812

**MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

**Introduction**

Marlaina Easton was, and still is, employed by College of Lake County ("College") as an English professor. She sued College, Dr. Jean Kartje ("Dr.Kartje") and the Board of Trustees of the College of Lake County ("Board") (collectively, "Defendants") for discrimination based on race, national origin, disability and retaliation under 42 U.S.C. 2000e, *et seq.* ("Title VII"), 42 U.S.C. 12001, *et seq.* ("ADA"), 42 U.S.C. 1981 ("Section 1981"), 42 U.S.C. 1983 ("Section 1983"), 775 ILCS 5/1-101, *et seq.* ("Illinois Human Rights Act") and the equal protection and due process clauses of the United States Constitution and the Illinois State Constitution. All of these claims are asserted against each Defendant.

For the reasons set forth below, the Complaint fails to state a claim upon which relief may be granted and must be dismissed.

## Facts[1]

Ms. Easton is an African American/Hispanic female, whose national origin is Puerto Rico. At all relevant times she has had multiple sclerosis. Complaint ¶ 1. She has been employed as an English professor with College since June 2001. Complaint ¶ 2. College is state owned and operated. Complaint ¶ 4. The Board is the governing body of the College.

Ms. Easton was scheduled to receive tenure in the year 2004. Complaint ¶ 13.[2] In August 2004, Dean Kartje was employed by the College as the Dean of the Communications Art Division and was Ms. Easton's direct supervisor. Complaint ¶ 14. During the period between August 2004 and July 2006, Ms. Easton alleges that the Dean did the following: docked her pay for a justifiable absence, accused Ms. Easton of excessive absenteeism, denied her a column movement and reimbursement for her fall PhD classes, refused to communicate her observations of Ms. Easton's performance, required Ms. Easton to notify her if she were going to be out of her office for more than 15 minutes, mandated multiple meetings with Ms. Easton to "check up" on her, chastised her for her absence due to Multiple Sclerosis, restricted her to teaching on the internet in the summer and allegedly told her that she was an excellent teacher but did not fit into the College of Lake County Community. Complaint ¶ 15.

Ms. Easton alleges that she reported this conduct to the College by informing the Board and

---

[1] For purposes of a motion to dismiss, all well-pleaded facts are taken as true. *Bontkowski v. First National Bank of Cicero,* 998 F.2d 459, 461(7th Cir. 1993), *cert. denied,* 510 U.S. 1012 (1993). However, even under the liberal pleading standards under the federal rules, a complaint requires more than "bald allegations." *Lucien v. Preiner,* 967 F.2d 1166, 1168 (7th Cir. 1992), *cert. denied,* 506 U.S. 893 (1992). Defendants admit the well pleaded facts in the Complaint <u>solely</u> for purposes of this motion.

[2] Defendants do **not** admit any inference that Ms. Easton was not accorded tenure. In fact Ms. Easton was and she does not allege that she was not accorded tenure. The legal implications of this allegation are discussed in Argument Section A, *infra,* addressing her due process claim.

the Head of Human Resources many times between August 2003[3] and July 2006 but no action was taken. Complaint ¶ 17. After her reports, Dr. Kartje's treatment of Ms. Easton allegedly worsened. Complaint ¶ 18. Ms. Easton's medical condition allegedly deteriorated as a result and she took a one year medical leave beginning August 2006. Complaint ¶¶ 19-21. Dr. Kartje's affiliation with the College ended in July 2007. Complaint ¶ 22. Ms. Easton returned to her "regular employment" with College in July 2007 "free" from the allegedly discriminatory conduct and she has not suffered any of her medical symptoms since her return. Complaint ¶ 23.

Ms. Easton filed a Charge of Discrimination with the Equal Employment Opportunity Commission on August 4, 2006 alleging that the College discriminated against her based on her race, national origin, disability and that it retaliated against her. Complaint ¶ 24.[4] She received her notice of Right To Sue on August 3, 2007. Complaint ¶ 3. This action followed.

### Argument[5]

**A.   Ms. Easton Has Not and Cannot Assert A Viable Due Process Claim**

To support her due process claim, Ms. Easton must first show that she was deprived of a protected interest and then the court must determine whether that interest deserves protection under the due process clause. *See, e.g., Pugel v. Board of Trustees of University of Illinois,* 378 F.3d 659, 662 (7th Cir. 2004), *Luellen v. City of East Chicago,* 350 F.3d 604, 613 (7th Cir. 2003). As a tenured

---

[3] It is not clear how she could begin reporting the alleged conduct in August 2003 if she asserts that it did not begin until August 2004.

[4] She alleges that she filed it on August 1 but the Charge shows a filing date of August 4, 2006. See Exhibit A.

[5] A complaint is properly dismissed under Rule 12(b)(6), Fed. R. Civ. P. if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Washington v. Summerville,* 127 F.3d 552, 555 (7th Cir. 1997), *cert. denied,* 523 U.S. 1073 (1998).

teacher, Ms. Easton had a protected property interest in her teaching position.[6] *Townsend v. Vallas,* 256 F.3d 661, 673 (7th Cir. 2001)(a tenured teacher who may not be removed except for cause has a protected interest in his teaching position). However, not all actions affecting a tenured teacher rise to the level of deprivation of a property interest. *Townsend* is instructive. The plaintiff there complained that his ten month reassignment to an administrative position with no teaching duties pending the investigation of a student's death deprived him of a constitutionally protected property interest. The district court acknowledged the importance of identifying the particular property interest involved and looked to state law (the School Code) to find this interest. By state statute, a tenured teacher can only be removed for cause.[7] The issue in *Townsend* was whether the facts there constituted a "removal". The district court answered that question in the affirmative. The court concluded that the plaintiff had a protected property interest in being assigned to a certified teaching position so the reassignment to a position without teaching duties constituted a removal and therefore a deprivation of a property interest. 99 F. Supp.2d 902, 911-12 (N. D. Ill. 2000). The Seventh Circuit reversed.

The Seventh Circuit distinguished the cases relied on by the district court because they involved the "permanent or indefinite shelving of a tenured teacher in a new, lesser type of employment status with tangible economic ramifications." 256 F.3d at 675. The Seventh Circuit concluded that a teacher "is 'removed' from his position when length of the contract or the amount

---

[6] To the extent the Complaint allegations are construed as inferring that Ms. Easton was not afforded tenure, her due process claims fall as a matter of law because a probationary teacher has no property interest in her job for due process purposes. *Kyle v. Morton High School,* 144 F.3d 448, 452 (7th Cir. 1998).

[7] The Higher Education, Public Community College Act, 110 ILCS 805/3B-2, has a similar provision, requiring just cause for dismissal.

of hours associated with [her] teaching duties are **permanently** reduced." 256 F.3d at 673. (Emphasis added). The *Townsend* plaintiff's reassignment was temporary. Nor did his claim that he lost the opportunity to earn additional income coaching during his reassignment change the result. The Court determined that this was not protected by his tenure rights, was foreseeable for any teacher in this situation and did not impact a constitutionally cognizable property right. 256 F.3d at 676. Significantly, too, the Seventh Circuit noted that "it cannot be that every dispute over sick leave, or every interruption in pay because of an injury or illness, or every denial of a fringe benefit ... is, unlike a discharge or suspension without pay, or permanent refusal to reinstate, a constitutional controversy just because the employee is a tenured public employee." 256 F.3d at 676.

      Here, accepting all of Ms. Easton's allegations as true, she has not and cannot allege a protected property interest required for her due process claim. Her complaints that she was docked for an absence, she was accused of excessive absences, she was denied reimbursement for her fall PhD classes, she was not given feedback about her performance, she was told to notify to the Dean if she were out of her office for more than 15 minutes, she was restricted in one summer to teaching on the internet (she does not allege that she was denied the opportunity to teach) and that she took a one year medical leave of absence and then returned to her "regular employment" plainly do not rise to the level of a constitutional deprivation. Ms. Easton was not discharged, she was not suspended nor did she suffer a permanent reduction in the length of her contract or the number of hours associated with her teaching duties. To the contrary, she taught, received tenure, continued to teach until she requested medical leave, received the full leave she requested and, when she was ready, she returned to her teaching duties without any adverse consequences. This does not rise to the level of a constitutional controversy.

The due process claim asserting a violation of 42 U.S.C. 1983 and the Fourteenth Amendment must be dismissed.[8]

### B. To The Extent The 1983 Claim is Deemed Viable, Acts Prior to October 31, 2005 are Time Barred

The statute of limitations for claims arising under Section 1983 follows the limitations period for personal injury torts under the law of the state in which the violation allegedly occurred. *Wallace v. Kato,* 127 S. Ct. 1091, 1094 (2007), *reh'g denied*. Under Illinois law, that period is two years. 725 ILCS 5/13-202; *Savory v. Lyons,* 469 F.3d 667, 672 (7th Cir. 2006). Ms. Easton filed her Complaint on October 30, 2007. Accordingly, to the extent Ms. Easton is deemed to have alleged a cause of action under Section 1983, any acts prior to October 30, 2005 are time barred.

### C. The Claims under the Illinois Human Rights Act Must Be Dismissed for Lack of Jurisdiction

Ms. Easton also asserts that Defendants violated the Illinois Human Rights Act. However, the Illinois Human Rights Commission has exclusive jurisdiction over claims arising under the Human Rights Act. 775 ILCS 5/7A-102.[9] The role of the courts is limited to judicial review of a final order by the Commission. 775 ILCS 5/8-111(A). As the Illinois Supreme Court observed, "it is clear that the legislature intended the [Human Rights] Act, with its comprehensive scheme of remedies, and administrative procedures, to be the exclusive source for redress of alleged human

---

[8] The analysis is the same under the Illinois Constitution. *Drenk v. City of Chicago*, 192 F.Supp. 2d 835, 847 (N.D.Ill. 2002), *reconsideration denied*, 205 F.Supp.2d. Accordingly, that claim must also be dismissed.

[9] The amendment that allows a charging party to bypass the Commission and file suit is not applicable because (a) suit must be filed in the circuit court in the county in which the alleged violation occurred and (b) the amendment applies to charges and claims filed on or after January 1, 2008. 775 ILCS 5/8-111(A), (F).

rights violations." *Mein v. Masonite Corporation,* 109 Ill. 2d 1, 6 (1985). *See, also, e.g., Talley v. Washington Inventory Service,* 37 F.3d 310 (7th Cir. 1994) (the Illinois Human Rights Commission has exclusive jurisdiction over claims arising under the Illinois Human Rights Act).

Accordingly, this claim must be dismissed.[10]

### D. The Claims Against Dr. Kartje Under Title VII and the ADA Must Be Dismissed Because There is No Individual Liability Under These Statutes as a Matter of Law And They Fail as to the Board Because It Was Not Ms. Easton's Employer

Ms. Easton's attempt to impose individual liability on Dr. Kartje for her Title VII and ADA claims is improper. It is well settled that these statutes are addressed to "employers" as that term is defined by statute. Individuals, as agents, are not personally liable. *See, e.g., Gastineau v. Fleet Mortgage,* 137 F.3d 490, 494 (7th Cir. 1998) (affirming dismissal of individual defendants under Title VII on 12(b)(6) motion); *Williams v. Banning,* 72 F.3d 552 (7th Cir. 1995) (no individual liability under Title VII or under the ADA); *Silk v. City of Chicago,* 194 F.3d 788 (7th Cir. 1999) (no individual liability under the ADA). The Title VII and ADA claims asserted against Dr. Kartje must be dismissed.

Ms. Easton alleges that she was employed by the College. (Complaint ¶¶ 2, 7). There are no allegations identifying the Board as her employer. Accordingly, these claims must also be dismissed as to the Board.

### E. The Title VII and ADA Claims Against The Board and Dr. Kartje Must Be Dismissed Because They Were not Named in the Charge

Generally, a party not named in an EEOC charge cannot be sued under Title VII.

---

[10] Should this claim be deemed viable, the request for punitive damages must be stricken: punitive damages are not available under the Human Rights Act. 775 ILCS 5/8A-104.

*Schnellbacher v. Baskin Clothing Company,* 887 F.2d 124, 126 (7th Cir. 1989).  The reason is that the charge provides notice to a party of the alleged violation and it provides an opportunity to the EEOC to attempt to conciliate.  The court in *Schnellbacher* upheld the decision to dismiss the parent company of the corporate defendant because it had no notice of any charge against it and had no opportunity to conciliate on its on behalf.  887 F.2d at 127.  In contrast, in *Urlacher v. Tuesday Morning, Inc.,* 1990 WL 37675 (N. D. Ill. 1990), the court refused to dismiss two corporate officers who were not named in the charge because they occupied high level management positions, they were allegedly responsible for the discriminatory policies and conduct at issue and there was no indication that they did not have notice of the charge.

In this case the Charge of Discrimination was asserted against the College.  Ms. Easton did not name the Board or Dr. Kartje, nor were the Board or Dr. Kartje referred to in the body of the Charge.  Under these circumstances, there is no basis for Ms. Easton's Title VII claims against the Board or Dr. Kartje.  For this reason, too, the Title VII and ADA claims against Dr. Kartje and the Board must be dismissed.

      **F.**      **The Acts Arising More than 300 Days Before Ms. Easton
Filed Her Charge of Discrimination Are Time Barred**

Ms. Easton's Title VII and ADA claims against the College must be restricted to acts that arose within 300 days of the filing of her Charge.  *Brown v. Illinois Department of Natural Resources,* 499 F.3d 675, 681 (7th Cir. 2007).  The Charge, while dated August 1, 2004, shows that it was received by the EEOC on August 4.  Accordingly, all acts prior to October 8, 2005 are time barred.

      **G.**      **To the Extent the Complaint Purports to Allege a Section 1981
Claim Based on Disability Discrimination it Must Be Dismissed**

Section 1981 prohibits racial discrimination in making and enforcing contracts. It does not encompass disability discrimination. *See, e.g., Israel v. Metropolitan Water Reclamation Dist.,* 2006 WL 3692401 * 2 (N.D. Ill. 2006), *Csoka v. United States Government,* 94 F.3d 647 * 3 (7th Cir. 1996), *cert. denied,* 519 U.S. 1080 (1997). To the extent the Complaint asserts a claim for disability discrimination under Section 1981, that claim must be dismissed.

### H. The Claim for Retaliation under The Equal Protection Clause is Legally Insufficient

The Complaint alleges that Defendants retaliated against Ms. Easton. However, the equal protection clause does not protect against retaliation. *Boyd v. Illinois State Police,* 384 F.3d 888, 898 (7th Cir. 2004). Accordingly, the retaliation claims asserted under Section 1983 and the Fourteenth Amendment must be dismissed.

### Conclusion

For all of these reasons, the due process claim asserted under Section 1983 and the U.S. and Illinois Constitutions and the claims asserted under the Illinois Human Rights Act must be dismissed in their entirety. Should the all or part of the Illinois Human Rights Act claim be deemed viable, the request for punitive damages must be stricken. The Title VII and ADA claims asserted against Dr. Kartje and the Board must be dismissed. The retaliation claim asserted under Section 1983 and the Fourteenth Amendment must be dismissed. The disability discrimination claim asserted under Section 1983 must be dismissed. To the extent the Title VII and ADA claims are based on events prior to October 8, 2005, they are time barred. And, to the extent the 1983 claims are based on events prior to October 30, 2005, they are time barred.

s/Lynn U. Thorpe

>Lynn U. Thorpe
>35 East Wacker Drive
>Suite 500
>Chicago, IL 60601
>Phone 312- 236-0475
>Fax     312-236-1750
>E-mail:  lynn_thorpe@gshllp.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: N/A and I certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

Robert V. Gildo
Law Offices of Robert V. Gildo
120 North Hale
3rd Floor
Wheaton, IL 60187

s/Lynn U. Thorpe
Lynn U. Thorpe
35 East Wacker Drive
Suite 500
Chicago, IL 60601
Phone 312- 236-0475
Fax    312-236-1750
E-mail:  lynn_thorpe@gshllp.com