*MHW*

**FILED**
4-28-2008
APR 28 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

MARLAINA EASTON,

    Plaintiff,

      v.

COLLEGE OF LAKE COUNTY,
Dr. Jean Kartje and Board of Trustees
of the College of Lake County,

    Defendants.

Case No. 07 CV 6127
Judge John W. Darrah
Courtroom 1203
Magistrate Geraldine Soat Brown
Courtroom 1812

### NOTICE OF FILING

To: S/Lynn U Thorpe
    Lylnn U. Thorpe
    35 E. Wacker Drive
    Ste 500
    Chicago, IL 60601
    Fax: 312-236-1750

    YOU ARE HEREBY NOTIFIED that on the 22nd day of April 2008, I caused to be mail filed with the United States District Court for the Northern District of Illinois, Eastern Division, a copy of the Plaintiff's Response to Defendants' Motion to Dismiss, a copy of which is attached hereto and herewith served upon you.

                    Robert V. Gildo

### PROOF OF SERVICE

    I, Robert V. Gildo, certify that I served this Notice of Filing on April 22nd, 2008 with a copy of Plaintiff's Response to Defendants' Motion to Dismiss to the above designated attorney by facsimile and by placing said copies in the U.S. Mail with proper postage affixed at Harbert, Michigan 49115.

                    Robert V. Gildo

Robert V. Gildo
120 N. Hale St. (3rd Floor)
Wheaton, IL 60187
Phone: 630-462-7979
Fax: 630-462-8067

F I L E D

APR 2 8 2008
4-28-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

MARLAINA EASTON,

     Plaintiff,

     v.

COLLEGE OF LAKE COUNTY,
Dr. Jean Kartje and Board of Trustees
of the College of Lake County,

     Defendants.

Case No. 07 CV 6127
Judge John W. Darrah
Courtroom 1203
Magistrate Geraldine Soat Brown
Courtroom 1812

**PLAINTIFF'S RESPONSE TO**
**DEFENDANTS' MOTION TO DISMISS**

**A.  Plaintiff Has Asserted a Due Process Claim**

Defendants' reliance on the case of *Townsend v. Vallas*, 256 F. 3d 661, (7th Cir.

2001) in arguing that Marlaina Easton has not and cannot assert a viable due process

claim is misplaced. *Townsend* is distinguishable from the case at hand in the following

ways:

    1.  In *Townsend* the Court took into consideration the fact that the

        Defendants had an "important educational purpose" in temporarily

        suspending the teaching duties of a tenured teacher pending the

        investigation of the death of a student while under that teacher's

        supervision.  256 F. 3d at 676

        In the case at hand, there can be no  "important educational

        purpose" in harassing a competent tenured teacher, docking her pay

1

and reducing her hours for no better reason than her race, national origin, or disabilitiy.

2. In *Townsend* there were no tangible economic ramifications to the teacher that resulted from her reassignment from teaching duties to administrative duties with full pay. 256 F 3d at 676

In the case, Marlaina Easton has alleged that her pay was docked, she was denied column movement and reimbursement for Ph.D classes, restricted from teaching during the summer, and finally harassed to the point where, as a direct and proximate result of the harassment and its effect on her medical condition she was forced to take a one year medical leave of absence. Complaint Para. 15-21. In her Complaint she alleges economic losses as a result of this condition in Paragraph 28.

3. In *Townsend* the suspension of the plaintiff's teaching duties was for a limited period of time, until the investigation of the drowning was concluded.

In this case there was no temporary duration to the harassment . Marlaina Easton could reasonably expect that as long as Dr. Kartje was her dean, she would be harassed in ways that included depriving her of economic gain that she would have otherwise received.

4. In *Townsend* the Court found that there was no conduct that reached the level of constructive discharge. 256 F. 3d at 67P

**2**

A constructive discharge is a situation in which a employer, without firing an employee, makes his working conditions so miserable that a reasonable person would be compelled to resign. See *Hunt v. City of Markham*, 219 F. 3d 649, 655 (7th Cir. 2000)

The fact that the employee did not quit his job is not fatal to a constructive discharge claim. *Wozniak v. Conry*, 236 F. 3d 888, 889. In the case at hand, Marlaina Easton's Complaint alleges ongoing conduct by Dr. Kartje that would have caused a reasonable person to quit her teaching position at the College. Instead she became ill and lost a year's work. Thereafter, Dr. Kartje was terminated and Ms. Easton was able to resume her duties without harassment from the Dean.

Accordingly, Marlaina Easton was deprived the economic benefit of her tenured position at the College without any process whatsoever by the harassment of her Dean for discriminatory reasons. This is a due process claim.

**B. Acts Prior to October 31, 2005 are Not Time Barred in Plaintiff's 1983 Claim.**

The continuing violation doctrine extends the two year statute of limitations in cases when the Plaintiff could not reasonably be expected to perceive the alleged violations before the limitations period has run, or when the violation only becomes apparent in light of later events. *Harden v. S.C. Johnson and Son, Inc.*, 167 F 3d 340, 344 (7th Cir. 1999), *Dasgnysta v. Univ. of Wisconsin Bd of Regents*, 121 F 3d, 11378, 1139 (7th Cir. 1997). The continuing violation doctrine is also applicable when the state actor has a policy or practice that brings with it a fresh violation each day. *Reese v. Ice*

*Cream Specialties, Inc.,* 347 F 3d 1007, 1012-14 (7th Cir. 2003) *Wagner v. Nutra Sweet Co.,* 95 F 3d 527, 534 (7th Cir. 1995)

Plaintiff's Complaint set forth a scenario of conduct by Dr. Kartje that began in 2004 and culminated in Marlaina Easton becoming so physically ill that she had to take a leave of absence from her teaching position at the College in August of 2006. Complaint Para. 15-21.

It was the culmination of those individual acts of harassment along with the discriminating comments that reasonably let Ms. Easton to perceive in 2006 that her civil rights had been violated. Thereafter she filed with the EEOC, in August 2006, thereby exhausting her administrative remedy. After receiving her right to sue letter on August 3, 2007 she timely filed this lawsuit.

Accordingly, based upon the continuing violation doctrine and the time expended exhausting her remedy before the EEOC, Plaintiff's 1983 claim alleging acts prior to October 31, 2005 is not time barred.

### C. Plaintiff Moves to Voluntarily Dismiss Claims Under the Illinois Human Rights

Act. Plaintiff concedes that the Illinois Human Rights Commission has exclusive jurisdiction over claims arising under the Human Rights Act 775 ILCS 5/8-111(A) and therefore moves to voluntarily dismiss this claim.

### D. Dr. Kartje and the Board Should Not be Dismissed From This Lawsuit.

Dr. Kartje and the Board are necessary parties to this lawsuit, if not in their individual capacity as to Title VII and ADA causes, in their representative capacity as Dean and Director of the College. Furthermore, they are otherwise liable under the remaining counts of Plaintiff's Complaint.

**4**

**E.. The Board and Dr. Kartje Should not Be Dismissed From the Title VII and ADA Claims Because They Were Not Named In The Charge.**

As Defendants point out where a person holding a high level management position "who is alleged to be responsible for the discriminatory policy and conduct at issue and who cannot demonstrate that they did not have notice of the charge", is not named in the charge before the EEOC, Federal Courts in the Northern District of Illinois had refused to dismiss the charges. *Urlacher v. Tuesday Morning, Inc.,* 1990 WL 37675 (N.D. Ill. 1990), *Talley v. Leo J. Shapiro & Associates, Inc.,* 713 F. Supp. 254, 259 (N.D. Ill. 1989) *Haag v. Board of Education,* 655 F. supp. 1267, 1273 (N.D. Ill. 1987).

In the case at hand there can be no question that Dr. Kartje held a high level management position as Dean of the College and was responsible for the discriminatory policy that she imposed upon the Plaintiff. As to the Board, numerous documents of the College refer to the Board and the College as a single entity. Plaintiff's Complaint is clear that the Board, upon receiving notice of Dr. Kartje's discriminatory conduct towards Plaintiff, failed to act. Accordingly, they are proper parties notwithstanding the fact that they were not named in the charges.

**F. The Acts Arising More than 300 Days Before Ms. Easton Filed Her Charge of Discrimination Are Not Time Barred.**

Plaintiff relies on the continuing violation doctrine set forth in section B of this Response to respond to Defendants' argument that Plaintiff's Title VII and ADA claims must be restricted to acts that arose within 300 days of the filing of her charge.

**G. Plaintiff's Complaint Alleging a Section 1981 Claim Based on Disability Discrimination Should Not be Dismissed.**

Plaintiff did have a contract with the College that will serve as the basis for her

1981 discrimination claim.

### H. Plaintiff's Claim For Retaliation Should Not be Dismissed.

Plaintiff's claim for retaliation is based upon claims asserted under Section 1983 and the Fourteenth Amendment, and therefore, should not be dismissed.

### Conclusion

Defendants have not raised an argument that Plaintiff's Complaint failed to meet the notice pleading standards of the Federal Court.  However, to the extent that further information may be necessary to support Plaintiff's arguments as set forth herein, Plaintiff offers to amend her Complaint to provide more detail.  Furthermore, Plaintiff acknowledges the scrivener's error referred to in footnote 3 of Defendants' Brief and moves to amend the reference to the date she began reporting the alleged wrongful conduct of Dr. Kartje from August, 2003 to August, 2004.  Furthermore, Plaintiff acknowledges that she was tenured and offers to amend the Complaint to remove any contrary inference.

For the reasons set forth herein, Defendants' Motion to Dismiss Plaintiff's Complaint should be denied.

Robert V. Gildo, Attorney for Plaintiff

Robert V. Gildo
120 N. Hale (3rd floor)
Wheaton, IL 60187
Phone: 630-462-7979
Fax: 630-462-8067