**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

MARLAINA EASTON,

    Plaintiff,

    v.

COLLEGE OF LAKE COUNTY,
Dr. Jean Kartje and Board of Trustees
of the College of Lake County,

    Defendants.

Case No. 07 CV 6127
Judge John W. Darrah
Courtroom 1203
Magistrate Geraldine Soat Brown
Courtroom 1812

**REPLY IN SUPPORT OF MOTION TO DISMISS**

    **A.    Ms. Easton Has Not and Cannot Allege
           A Viable Due Process Claim**

Ms. Easton does not and cannot allege a permanent or indefinite reduction in the length of her contract or the hours associated with her teaching duties, the litmus test required by *Townsend v. Vallas,* 256 F.3d 661, 673 (7th Cir. 2001). She attempts to distinguish *Townsend* by noting that the court acknowledged the important educational purpose in temporarily suspending the plaintiff's duties as a tenured teacher. (Pl. Brief at 1). However, the court was simply pointing out that this reassignment was not done on a whim to "defeat the rights of tenured teachers and circumvent the purpose and spirit of the tenure laws" but instead to allow an investigation into a student's death. 256 F.3d at 667. Moreover, the reassignment of job duties in *Townsend* was at the defendant's direction. In contrast, here, the medical leave was a job benefit Ms. Easton was able to freely exercise and was taken at her own behest. By her own admission the leave resulted in neither a permanent nor indefinite reduction in her hours because she admits that she returned to her "regular

employment" within a year. Complaint ¶¶ 21, 23.  A Plaintiff can plead himself out of court by alleging facts that show she has no viable claim, *Pugh v. Tribune Co.*, ___F.3d _____, 2008 WL 867739 *9 (7th Cir. 2008), as Ms. Easton's admissions here clearly demonstrate.  The other action she complains of, the restriction one summer to teaching on the internet, was not permanent or indefinite, nor did it affect her hours or duties.  Instead, it limited the forum available to her for teaching that summer.

Ms. Easton also claims that *Townsend* is different because unlike here, there were no economic ramifications to the plaintiff.  (Pl. Brief at 2).  However, *Townsend* expressly tied the economic ramifications to the acts constituting "removal": "[w]e do not believe the circumstances of Mr. Townsend's case are similar to those in *Hansen* or to the other cases previously noted in which Illinois courts have found a teacher to be 'removed' from his teaching position. Each of those cases involved a permanent or indefinite shelving of a tenured teacher in a new, lesser type of employment status *with* tangible economic ramifications." 256 F.3d at 675. (Emphasis added). Ms. Easton must establish both.  She cannot do this because, as explained above, she cannot show a permanent or indefinite shelving of her duties as a teacher.

Nor can she show the economic deprivation of the caliber required for a due process claim. In *Baerwald v. City of Milwaukee,* 131 F.3d 681 (7th Cir. 1997), the plaintiff fire fighter was on an injury leave and received 80% of his salary tax free and free medical care for his injuries. Subsequently, the City's benefit department stated that plaintiff was fit to return to duty but the fire department required a release.  Plaintiff's doctor refused to release him so the City placed him on sick leave. Under this leave his salary was taxed, he no longer received free medical care and the paid sick leave was of limited duration, so when it ran out his leave was unpaid.  Plaintiff was

evaluated by the fire department's physician and he provided a return to work slip for plaintiff. The fire chief persuaded the physician to retract the release and Plaintiff remained on sick leave until, about eleven months later, he was examined again by the fire department's physician and released to return to work. Plaintiff filed suit to recover the salary he would have earned the 250 days he was on unpaid sick leave. The court rejected plaintiff's contention that this loss of pay was a deprivation of a protected property interest. Significantly, the court stated:

> He did not, of course, lose his job, though he did lose almost a year's pay by reason of having run out of paid sick leave. But it cannot be that every dispute over sick leave, or every interruption in pay because of an injury or illness, or every denial of a fringe benefit (parking privileges?) is, unlike discharge, or suspension without pay, or permanent refusal to reinstate, a constitutional controversy just because the employee is a tenured public employee.

131 F.l3d at 683. (Citations omitted). The court went on to note the plaintiff "has a right to employment, but he does not have a right to continuous employment".

The economic ramifications Ms. Easton points to, that her pay was docked once for a justifiable absence (see Complaint ¶15a), she was denied a column movement and reimbursement for fall PhD classes, she was restricted one summer to teaching on the internet and she took medical leave[1], all fall within the exclusions discussed in *Baerwald* and thus do not rise to the level of a deprivation of a protected property interest.

Ms. Easton also attempts to distinguish *Townsend* because "the suspension of plaintiff's teaching duties was for a limited period of time". (Pl. Brief at 2). The limited period of time in *Townsend* was ten months (April 1998 to February 1999). Ms. Easton's was similarly limited, eleven months (August 2006 to July 2007).

---

[1] There is nothing in the record as to whether all or any part of this leave was paid. This argument assumes that the leave was not paid.

Finally, Ms. Easton tries to latch on to the other argument raised in *Townsend* to support the deprivation of a property interest that was also rejected by the Seventh Circuit, by claiming that she was constructively discharged. The cases that *Townsend* cites, and distinguishes, clearly reveal that Ms. Easton's allegations fall short of the mark. In *Wozniak v. Conroy,* 236 F.3d 888 (7th Cir. 2001), fact issues precluded summary judgment where the university removed the plaintiff professor from his tenured position, barred him from teaching classes in the future, cancelled his research funds and permanently reassigned him to manage a website. In *Levenstein v. Salafsky,* 164 F. 3d 345 (7th Cir. 1998), a constructive discharge was adequately alleged where the university prohibited the plaintiff physician, who had a world renowned reputation, from seeing patients for eleven months and then permanently reassigning him to a job reviewing old medical training videotapes from his home.[2] The *Townsend* court distinguished these cases by noting that not only was the plaintiff's reassignment there temporary, but he was also aware that he did not face the prospect of an indefinite or permanent reassignment to a position that provided little professional responsibility because the Board assured him that the reassignment would not be permanent (although the plaintiff was told that he would be returned to his full teaching duties in the fall and it did not happen until the following February.)

Here, too, as the *Townsend* court noted, not only is Ms. Easton's situation different from *Wozniak* and *Levenstein* because the time period she had no job duties (on her leave) was not permanent or indefinite and like Mr. Townsend, she knew that she did not face the prospect of a permanent or indefinite leave because she admits that she returned to her "regular" employment

---

[2] She cites *Hunt v. City of Markham*, 219 F.3d 649 (7th Cir. 2000) but that case is inapposite. There were multiple plaintiffs and one plaintiff quit. The defendant argued that the plaintiff who quit could not have been constructively discharged because that plaintiff was treated no worse than the other plaintiffs and the others did not resign.

within a year of her leave and that since her return she has been "free" of the allegedly harassing conduct[3] and not suffered a recurrence of her medical symptoms. Complaint ¶ 23. The due process claim must be dismissed.

> B. To the Extent The 1983 Claim is Deemed Viable, Acts Prior To October 31, 2005 are Time Barred

Ms. Easton asserts that she can rely on the continuing violation theory to include claims outside the two year statute of limitations. However, as *Hardin v. S.C. Johnson & Son*, 167 F.3d 340 (7th Cir. 1999), *cert. denied,* U.S. 874 (1999) explains, "the continuing violation doctrine has delineated limits. Where a pattern of harassment spreads out over years, and it is evident long before the plaintiff sues that she was a victim of actionable harassment, she 'cannot reach back and base her suit on conduct that occurred outside the statute of limitations.'" 167 F.3d at 344. That court ruled that the continuing violation doctrine did not apply to the harassment claim because plaintiff had complained to management long before she filed her Charge. Here, too, Ms. Easton knew no later than September 23, 2005, that she had a claim because she asserts in her Charge of Discrimination that she complained to Human Resources about discriminatory conduct on that date. If the courts allows the section 1983 claim to proceed then acts prior to October 31, 2005 are time barred.

> C. The Claims under the Illinois Human Rights Act Must Be Dismissed for Lack of Jurisdiction

Ms. Easton concedes this point in her Response.

> D. The Claims Against Dr. Kartje and the Board Under Title VII and The ADA Must Be Dismissed Because There Is No Individual Liability Under these Statutes as a Matter of Law and They Fail as to the Board

---

[3] This a legal conclusion that is not taken as admitted on a motion to dismiss.

**Because it Was Not Ms. Easton's Employer**

Ms. Easton responds to this argument with the conclusory statement that Dr. Kartje and the Board are necessary parties. She does not and cannot refute the authority Defendants supplied in their brief in support of this argument. The ADA and Title VII claims must be dismissed as to Dr. Kartje and the Board.

### E. The Title VII and ADA Claims Against the Board and Dr. Kartje Must Be Dismissed Because They Were Not Named in the Charge

This was an alternative argument that Defendants raised to support the dismissal of the defendants. Defendants submit that the court need not reach this alternative ground based on the arguments in Section D.

### F. The Acts Arising More than 300 Days Before Ms. Easton Filed Her Charge of Discrimination Are Time Barred.

Acts occurring more than 300 days before Ms. Easton filed her Charge are time barred. *Brown v. Illinois Department of Natural Resources,* 499 F.3d 675 (7th Cir. 2007). Citing *Ledbetter v. Goodyear Tire & Rubber Co.,* 127 S. Ct. 2162 (2007), the *Brown* court stated that "serial"or "series" violations are not actionable"if the employer engages in a series of acts each of which is intentionally discriminatory, then a fresh violation takes place when each act is committed". 499 F.3d at 681. All discrete acts occurring more than 300 days before Ms. Easton filed her Charge (acts prior to October 8, 2005)[4] are time barred.

### G. To the Extent the Complaint Purports to Allege A Section 1981 Claim Based on Disability Discrimination It Must Be Dismissed

Plaintiff's one sentence response is meaningless. Defendants do not dispute that Ms. Easton

---

[4] There is a typographical error in the opening brief in this Section: the Charge is dated August 1, 2006 (not 2004) and stamped filed by the EEOC on August 4, 2006.

had a contract with the College. Instead, their argument is based on the scope of a 1981 claim and it does not encompass a disability discrimination claim as a matter of law.

### H. The Claim for Retaliation under the Equal Protection Clause Is Legally Insufficient

Here, too, Ms. Easton offers no argument or legal authority beyond her own fiat that this claim should not be dismissed. For the reasons stated in Defendants' opening brief, this claim must be dismissed.

### Conclusion

For these reasons and the reasons stated in Defendants' opening brief, the Due Process/1983 claims must be dismissed, the retaliation claim under the Fourteenth Amendment and 1983 must be dismissed, the Title VII and ADA claims against Dr. Kartje and the Board must be dismissed, the disability discrimination claim asserted under 1981 must be dismissed, to the extent the Title VII and ADA claims are based on acts prior to October 8, 2005 they are time barred and if the Section 1983 claim is not dismissed, all acts prior to October 30, 2005 should be time barred.

s/Lynn U. Thorpe
Lynn U. Thorpe
35 East Wacker Drive
Suite 500
Chicago, IL 60601
Phone 312- 236-0475
Fax    312-236-1750
E-mail:  lynn_thorpe@gshllp.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 6, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: N/A and I certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

Robert V. Gildo
Law Offices of Robert V. Gildo
120 North Hale
3rd Floor
Wheaton, IL 60187

> s/Lynn U. Thorpe
> Lynn U. Thorpe
> 35 East Wacker Drive
> Suite 500
> Chicago, IL 60601
> Phone 312- 236-0475
> Fax     312-236-1750
> E-mail:  lynn_thorpe@gshllp.com