UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARLAINA EASTON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07 CV 6127 |
| | ) | |
| v. | ) | |
| | ) | |
| COLLEGE OF LAKE COUNTY, | ) | Judge John W. Darrah |
| DR. JEAN KARTJE and BOARD OF | ) | |
| TRUSTEES OF THE COLLEGE OF | ) | |
| LAKE COUNTY | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Marlaina Easton ("Easton"), filed suit against the Defendants College of

Lake County ("the College"), Dr. Jean Kartje ("Dr. Kartje"), and the Board of Trustees of

the College of Lake County ("the Board") alleging discrimination on the basis of race,

national origin, and disability in violation of 42 U.S.C. § 1983, 42 U.S.C. § 1981, 42

U.S.C. § 2000e et seq. ("Title VII"), the Americans with Disabilities Act, 42 U.S.C.

§ 12101[1] et seq. ("ADA"), the Due Process and Equal Protection Clauses of both the

United States and Illinois Constitutions, and 775 ILCS 5/1-101.  Presently pending before

the Court is Defendants' Motion to Dismiss Plaintiff's Complaint for failure to state a

claim upon which relief can be granted.

## BACKGROUND

A reading of Plaintiff's Complaint supports the following summary of the alleged

conduct of the parties.

---

[1] Although the Plaintiff's Complaint references 42 U.S.C. § 12001 et seq., it is assumed
that this is a typographical error, because it is clear from the complaint that the action is
brought under the ADA, 42 U.S.C. § 12101 et seq.

Easton is an English Professor in the Communication Arts Division of the College of Lake County. Easton is of African-American and Puerto Rican decent and suffers from Multiple Sclerosis. The College is a state owned and operated college in Grayslake, Illinois. The Board is the governing body of the College. Dr. Kartje was the Dean of the Communication Arts Division of the College from about August 2004 to July 2007 and, during that time, was the direct supervisor of Easton.

From 2001 to 2003, the Dean of the Communication Arts Department was Dr. Sandria Rodriquez, who hired Easton. From 2001 to 2003, Easton received excellent evaluations of her work and was recognized for her efforts in working with developmental students of color and students with disabilities. During this time period, her Multiple Sclerosis was under control, and she was a productive member of the faculty. At no time during this period did she exceed the permitted absences allowed under her contract. Easton was on a tenure track that would allow her to reach tenure in 2004, and she did become a tenured teacher in 2004.

On or about August 2004, Dr. Kartje was hired as the Dean of the Communication Arts Department. During the period from August 2004 to July 2006, Dr. Kartje engaged in various acts of harassment and discrimination against Easton, including: docking her pay without cause for a justifiable absence, accusing her of excessive absenteeism despite her absences not being excessive under the standards of her contract, denying her a column movement (an earned pay increase) and refusing to reimburse her for her PhD classes, requiring her to notify Dr. Kartje if she would be out of her office for more than fifteen minutes, misrepresenting her absences to the Board, and restricting her teaching for the summer to online classes, which did not allow her to have contact with her

2

developmental students.  Additionally, Dr. Kartje told Easton that the developmental

students were not worthy of a full-time faculty or her time, chastised her for having an

illness that causes her to be absent "all of the time," and responded to Easton's

complaints about this treatment by telling her, "You are an excellent teacher, but you do

not fit into the College of Lake County Community." Dr. Kartje did not require

notification when leaving the office, nor dock pay for justifiable absences, nor refuse

column movement and PhD reimbursement for other similarly situated professors who

were white and did not suffer from a disability.  Easton reported this behavior to the

Board, its Vice-President, and the head of human resources for the College on several

occasions between August 2004 and July 2006, but no action was taken to correct this

conduct.  Dr. Kartje's treatment of Easton progressively worsened after these complaints

to the Board in apparent retaliation for Easton's complaints.

        As a result of the treatment she received from Dr. Kartje, Easton's medical

condition deteriorated.  She suffered from anxiety that exacerbated her Multiple Sclerosis

and many physical symptoms, such as tightening in her chest, canker sores, inability to

hold down food, rapid weight loss, general numbness in her body, visual impairment

including a loss of peripheral vision, and some hearing loss.  In August 2006, due to her

worsening medical condition, Easton was forced, on advice of her doctor, to take a one-

year medical leave of absence from the College.  Dr. Kartje's employment with the

College was terminated in July 2007, and in July 2007, Easton returned to her position at

the College.  Thereafter, Easton has continued to do her job and has had no return of

medical symptoms.

On August 1, 2006 Easton filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging that the College discriminated against her because of her race, national origin, and disability and that they retaliated against her after she made complaints to the Board.  On August 3, 2007, Easton received notice from the EEOC of her right to sue and filed the complaint with this court within 90 days thereof.

## ANALYSIS

In ruling on a motion to dismiss for failure to state a claim under which relief can be granted under Federal Rule 12(b)(6), the court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the non-moving party. *Sprint Spectrum L.P. v. City of Carmel, Ind.,* 361 F.3d 998, 1001 (7th Cir. 2004).  Federal Rule 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  In order to meet 8(a)(2)'s requirements, the complaint must describe the claim in sufficient detail "in order to 'give the defendant fair notice of what the . . .  claim is and the grounds upon which it rests [.]'" *Bell Atlantic Corp v. Twombly,* __U.S.__, 127 S. Ct. 1955, 1964 (2007) (*Bell Atlantic*) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). "Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Serv. Inc.,* 496 F. 3d 773, 776 (7th Cir. 2007) (citing *Bell Atlantic,* 127 S. Ct. at 1973).

*Claims Under 42 U.S.C. § 1983*

To bring a suit under 42 U.S.C. § 1983 for a violation of a constitutional right, a plaintiff must allege that a state or municipal actor, acting under color of law, violated a federal law or constitutional right and that the impermissible government action caused the denial of that right. *Parratt v. Taylor,* 451 U.S. 527, 535 (1980).

Defendants assert that all claims arising prior to October 30, 2005 should be time barred. The statute of limitations for a suit under § 1983 follows the statute of limitations for a personal injury tort in the state in which the violation occurred. *Savory v. Lyons,* 469 F.3d 667, 672 (7th Cir. 2006) *(Savory).* In Illinois, the statute of limitations for a personal injury claim is two years. 725 ILCS 5/13-202; *Kelly v. City of Chicago,* 4 F.3d 509, 511 (7th Cir. 1993). Plaintiff argues that the actions complained of are part of a continuing violation that should not be barred by the two-year statute of limitations. In construing the continuing-violation doctrine, the Supreme Court has held that there are two kinds of discriminatory actions: (1) discrete discriminatory acts and (2) acts contributing to a hostile work environment. *National Railroad Corp. v. Morgan,* 536 U.S. 101, 122 (2002) *(Morgan).* The Plaintiff here has plausibly pled a claim of hostile work environment. Moreover, actions such as denial of transfer, refusal to promote or refusal to hire are discrete discriminatory acts. *Morgan,* 536 U.S. at 122. Discrete discriminatory acts are not actionable if time-barred even if they are related to timely filed charges of later acts. *Morgan,* 536 U.S. at 113.

The Seventh Circuit has found the existence of a continuing violation in the cases Plaintiff cites: *Wagner v. Nutra Sweet Co.,* 95 F 3d 527, (7th Cir. 1995); *Harden v. S.C. Johnson and Son Inc.,* 167 F.3d. 340, (7th Cir. 1999). However, the Seventh Circuit has

since made it clear that the continuing-violation doctrine is only applicable where the plaintiff could not reasonably be expected to perceive the violation before the statutory period has run. *Savory* 469 F.3d at 673. The Seventh Circuit has further acknowledged that *Morgan* forecloses the use of the continuing-violation doctrine for discrete discriminatory acts in *Hildebrandt v. Illinois Dept. of Natural Resources,* 347 F.3d 1014, 1026 (7th Cir. 2003) (holding that in cases alleging a claim regarding discriminatory pay, each paycheck represents a new violation that starts a separate clock on the statute of limitations). Furthermore, the Supreme Court's decision in *Ledbetter v. Goodyear Tire & Rubber Co.,* ____ U.S. ____, 127 S. Ct. 2162 (2007) (*Ledbetter*), held that if an employer engages is a series of acts, each of which is intentionally discriminatory, then a fresh violation occurs when each act is committed. *Ledbetter,* __ U.S. __, 127 S.Ct. at 2169.

The actions Plaintiff complains of – denying column movement, refusing to reimburse her for PhD classes, restricting her to online teaching, docking her pay, requiring notification if she leaves the office, and the statements made by Dr. Kartje on several occasions – as pled, are both discrete acts and acts contributing to a hostile work environment. Therefore, the arguments of Defendants are not properly resolved by a motion to dismiss; Defendants' motion to dismiss as to acts alleged to have occurred prior to October 30, 2005 is denied.

Defendants also argue that Plaintiff's claim that she was denied due process should be dismissed because Plaintiff has not stated a claim for due process violations under § 1983 upon which relief can be granted. A claim of denial of procedural due process under the Fourteenth Amendment requires a two-part analysis: first, whether the plaintiff has been deprived of a protected property right and, second, what process is due

in order to protect that right. *Townsend v. Vallas*, 256 F.3d 661, 674 (7th Cir. 2001)

(*Townsend*). Defendants claim that Plaintiff was not denied a protected property interest.

Although not all employees have a protected property interest in their job, tenured

teachers do and may not be removed except for cause. *Townsend*, 256 F.3d at 674

(quoting 105 ILCS 5/34-85); *see also Shegog v. Board of Educ. of City of Chicago*,

194 F.3d 836, 837 (7th Cir. 1999); *Gleason v. Board of Educ. of City of Chicago*,

792, F.2d 76, 79 (7th Cir.1986). In 2004, when Plaintiff achieved tenure, she had a

protected property right in her teaching position and could not be removed except for

cause. Removal for these purposes contemplates not simply a complete termination but

any reduction in the extent of employment. *Townsend*, 256 F.3d at 674. Reduction in the

extent of employment has further been defined in the Seventh Circuit as when the length

of contract or the amount of hours is permanently reduced. *Townsend*, 256 F.3d at 674.

Considering the allegations in the complaint taken as a whole, Plaintiff has plausibly pled

a claim that the Defendants' pre-2007 conduct was intended to permanently reduce the

length of Plaintiff's contract and/or the amount of compensable hours.[2] Therefore, the

Defendants' motion to dismiss Plaintiff's due process claim is denied.

Lastly, Defendants correctly claim that there is no right to relief from retaliation

given under equal protection claims brought under §1983. *Boyd v. Illinois State Police*,

384 F.3d 888, 898 (7th Cir. 2004). Accordingly, any claim that the Plaintiff has for

retaliation arising from her § 1983 claim of a violation of equal protection is dismissed.

---

[2] The parties appear to agree that Plaintiff's 11-month leave-of-absence was without pay.

*Claims Under 42 U.S.C. § 1981*

Plaintiff additionally brings a claim for violation of her constitutional rights under 41 U.S.C. §1981. When making a constitutional claim against a state actor, the proper claim is under § 1983, which provides the exclusive federal damages remedy for the violations of the rights guaranteed by § 1981 when that claim is, as here, against a state actor. *Jett v. Dallas Independent School District,* 491 U.S. 701, 703 (1989). Accordingly, all claims arising from § 1981 are dismissed.

*Claims Under 42 U.S.C. § 12101 et seq. and 42 U.S.C. § 2000e et seq.*

All Claims regarding the dismissal under ADA and Title VII will be discussed together; both acts use the same definition of employer, and courts use the same analysis for individual liability in both acts. *Williams v. Banning,* 72 F.3d 552, 554 (7th Cir. 1995). Additionally, because the ADA's enforcement provision expressly incorporates the enforcement provisions of Title VII, the analysis of the statutory requirements for filing a claim under each will be the same. *Stepney v. Naperville School District 203,* 392 F.3d 236, 239 (7th Cir. 2004) (citing 42 U.S.C. § 2000e-5(e)(1), *incorporated by* 42 U.S.C. § 12117(a)).

Defendants argue that the claims against Dr. Kartje and the Board should be dismissed because Title VII and the ADA do not provide for individual liability. The Seventh Circuit has held that, under Title VII, supervisors are not liable as employers under the definition of the act. *Huebschen v. Department of Health and Social Services,* 716 F.2d. 1167, 1171 (7th Cir. 1983). Therefore, the claims under Title VII and the ADA in regard to Dr. Kartje are dismissed. The Board is not being sued in its individual capacity. Rather, the Board is being sued properly as the governing body of the College

8

and the employer of Easton. Therefore, Defendant's motion to dismiss the claims arising under Title VII and the ADA is denied.

Alternatively, the Defendants argue that the claims against Dr. Kartje and the Board arising under Title VII and the ADA should be dismissed because neither was named in the EEOC complaint. As a general rule, a suit under Title VII requires that the parties sued must first have been charged in a complaint with the EEOC, and the EEOC must have given leave to sue. *Doe v. Oberweis Dairy,* 456 F.3d 704, 708 (7th Cir. 2006) (*Oberweis*). However, an exception to this requirement is recognized where the "unnamed party has been given adequate notice, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance." *Schnellbaecher v. Baskin,* 887 F.2d 124, 127 (7th Cir. 1989) (quoting *Eggleston v. Chicago Journeymen Plumbers' Union No. 130,* 657 F2d 890, 905 (7th Cir. 1981)) (holding that a parent corporation not named in an EEOC charge could not be sued under Title VII because, although it had notice of the suit of its subsidiary, it did not know of charges against itself nor did it have an opportunity to participate in conciliation on its own behalf.) The Complaint alleges that Plaintiff made several complaints to the Board and Officers of the College. Unnamed parties to an EEOC charge have been held liable if they occupy high-level positions and their interests are substantially similar to the interests of the company. *Urlacher v. Tuesday Morning,* 1990 WL 71307. In the instant case, the Board is subject to a suit under Title VII and the ADA although it was not specifically named in the EEOC complaint. The Complaint contains sufficient detail to suggest that the Board, as the governing body of the College, for the purposes of a motion to dismiss, would be on notice of any EEOC charges filed against the College and

9

would be participating in the defense of those charges. There is no reason to assume, however, that Dr. Kartje, as dean of a department within the College, would be so informed of any EEOC charges and allowed to participate in the conciliation proceedings on her own behalf, particularly because she was no longer employed at the College when the EEOC charges were filed, based on the allegations in the present Complaint. However, Plaintiff may file an amended complaint in this regard.

Additionally, Defendants assert that any claims under Title VII and the ADA that occurred more than 300 days prior to the filing of the EEOC complaint should be time-barred. The Seventh Circuit has held that any claim under Title VII that arises from an act that occurs more than 300 days before the filing of an EEOC claim is time-barred. *Brown v. Illinois Dept. of Natural Resources,* 499 F.3d 675, 680 (7th Cir. 2007) (*Brown*) (citing *Ledbetter,* 127 S.Ct. at 2170-72). In Illinois, where there is an EEOC agency, the statutory period is 300 days after the complained of action for filing a claim. *Oberweis,* 456 F. 3d at 708. The Seventh Circuit has rejected the so-called continuing-violation doctrine that the Plaintiff relies on in support of the claims arising more than 300 days prior to the filing of the EEOC claim. *Brown,* 499 F.3d at 681 (7th Cir. 2007); *see also Roney v. Ill. Dep't of Trans.,* 474 F. 3d 455, 460 (7th Cir. 2007). Accordingly, the statutory period begins to run after each individual violation. All those claims under Title VII and the ADA based on acts occurring 300 days prior to the filing of the EEOC charge are time-barred and are hereby dismissed.

### Claims Under the Illinois Constitution

Defendants assert that the claims of a violation of due process under Article II of the Illinois State Constitution should be dismissed as the analysis under that provision is

10

the same as the analysis under the Fourteenth Amendment to the United States Constitution, as discussed above. The Illinois Constitution provides a guarantee of due process separate and apart from the guarantee of due process under the Fourteenth Amendment to the U.S. Constitution. *Rollins v. Elwood,* 141 Ill.2d 244, 274 (Ill. 1990). Although it is clear there is a separate protection available under the Illinois Constitution, Illinois has not indicated that the analysis of due process under the Illinois Constitution differs in any significant way. *RAR, Inc. v. Turner Diesel, Ltd.,* 107 F.3d 1272 (7th Cir. 1997) (citing *Rollins v. Elwood,* 141 Ill.2d 244, 274 (Ill. 1990)). Accordingly, the Defendants' motion to dismiss the claim of violation of the due process clause of the Illinois Constitution is denied for the same reasons discussed above as to the dismissal of the due-process claim under the U.S. Constitution.

*Claims Under 775 ILCS 5/1-101*

Plaintiff has moved to voluntarily dismiss all claims arising under 775 ILCS 5/1-101, conceding that the Illinois Human Rights Commission retains exclusive jurisdiction over claims arising under this act. Therefore, the claims arising from the Illinois Human Rights Act, 775 ILCS 5/1-101, are dismissed.

### CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss for failure to state a claim under which relief can be granted is granted in part and denied in part. The motion to dismiss all claims arising under § 1983 for violations of the Due Process Clause of the Fourteenth Amendment is denied. The motion to dismiss all claims arising under § 1983 that occurred prior to October 30, 2005 is denied. The motion to dismiss any claim for retaliation arising under § 1983 from the Equal Protection Clause of the Fourteenth

Amendment is hereby granted. Any and all claims arising under § 1981 are hereby dismissed. Defendants' motion to dismiss any claims under Title VII and the ADA arising 300 days prior to the EEOC charges is granted. Defendants' motion to dismiss claims arising under Title VII and the ADA against Dr. Kartje individually is granted, provided Plaintiff is granted leave to file an amended complaint consistent with this opinion and the requirements of Federal Rule of Civil Procedure 11 within thirty days of the entry of this judgment. Defendants' motion to dismiss claims arising under Title VII and the ADA against the Board is denied. Defendants' motion to dismiss Illinois constitutional claims alleging a violation of due process under Article II of the Illinois Constitution is denied. Finally, any claims under the Illinois Human Rights Act, 775 ILCS 5/1-101, have been voluntarily dismissed.

Dated: __7-10-08__

JOHN W. DARRAH
United States District Court Judge